Chen v. Barr

BIA
A078 853 842

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty.

PRESENT:
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
        RICHARD J. SULLIVAN,
              *Circuit Judges.*

_____

CUI PING CHEN, AKA ANNIE DUONG,
        *Petitioner,*

        v.                                           18-1205
                                                     NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Esq., Flushing, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Derek C. Julius,
                         Assistant Director; Margaret
                         Kuehne Taylor, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cui Ping Chen, a native and citizen of the People's Republic of China, seeks review of an April 16, 2018, decision of the BIA denying her motion to reopen. *In re Cui Ping Chen,* No. A 078 853 842 (B.I.A. Apr. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chen's 2017 motion was untimely because it was filed approximately six years after her final removal order. But there is an exception: "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

We review the agency's denial of a motion to reopen for abuse of discretion but review any finding regarding changed country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in declining to reopen to the extent that Chen sought to apply for asylum because her motion largely relied on her changed personal circumstances. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (holding that changed personal circumstances do not fall within the changed conditions exception to reopening). And her limited country conditions evidence only addressed events after 2015; it did not address how conditions have changed since her 2011 final removal order. Her evidence showed persecution of Christians attending unregistered churches in some parts of China, but it did not

reflect a material worsening of conditions as compared to the record before the IJ.  For example, a 2007 State Department report that Chen submitted with her original asylum application notes that in some parts of China, "local security officials use threats, demolition of unregistered property, interrogation, arrest, imprisonment, and sometimes severe physical abuse to target unregistered religious leaders and their followers."  The BIA reasonably concluded that Chen failed to establish that conditions have changed materially since her 2009 hearing.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

The BIA also reasonably observed that Chen has not presented evidence that Chinese authorities are aware of, or are likely to become aware of, her practice of Christianity in the United States, as required to establish prima facie eligibility for asylum for claims based solely on activities undertaken within the United States.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)*; see also INS v.*

4

*Abudu*, 485 U.S. 94, 104–05 (1988) (even assuming there has been a change in conditions, the agency may nevertheless deny reopening where a movant fails to demonstrate prima facie eligibility for relief from removal).  Chen did not support her claim that Chinese authorities are surveilling her with any evidence.

While the BIA has regulatory authority to reopen untimely proceedings sua sponte, 8 C.F.R. § 1003.2(a), Chen has not raised this issue before the agency or this Court.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court